■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JAMES GODWIN, Respondent.— Order unanimously reversed and the motion of defendant to dismiss the indictment denied, without costs. The 21-month delay in bringing the defendant to trial may, in some circumstances, amount to a deprivation of his "guarantee of a speedy trial" (*People* v. *Prosser*, 309 N. Y. 353, 356). But, as pointed out in the *Prosser* case, the question of delay is always a factual one, and there is no absolute single test. The district attorney of Bronx County lodged a warrant against him while he was in City Prison prior to his arraignment on the New York County indictments. This alone may not constitute a showing of good cause for the delay (Code Crim. Pro., § 668). Accordingly, this defendant, as distinguished from the defendant in the *Prosser* case, must have had "an awareness that the prosecution was being kept alive * * *. [and] that a trial would eventually be had" (p. 360), if only from the further action of the district attorney in having the Bronx County warrant lodged as a detainer at Elmira Reformatory. Moreover defendant, through his counsel, three times requested a postponement after the district attorney had stated that the People were ready for trial. This conduct spells out a waiver of defendant's right to a speedy trial. (*People* v. *Prosser, supra,* p. 359.) Settle order on notice. Concur — Peck, P. J., Breitel, Botein, Frank and Valente, JJ.

■ DAVID MAYDOLE TOOL CORP. et al., Respondents, v. UTICA DROP FORGE & TOOL CORPORATION, Appellant.— Order allowing plaintiffs to discontinue action, unanimously reversed, with $20 costs and disbursements to the appellant, and the motion denied. The action is grounded on purported interference with plaintiff's business, conversion, and other tort theories; and the discontinuance was granted without prejudice. Appellant argues that the discontinuance was designed to nullify the effect of an order of preclusion by providing the opportunity to commence a new action for the same relief. Respondents contend that the nature of the action and the course of proceedings followed by former counsel are such that it would be inappropriate to apply in full rigor the rule stated in *Katz* v. *Austin* (271 App. Div. 217, 218) where a discontinuance was granted in a personal injury action, but the condition imposed that "no further action be instituted by these plaintiffs against these defendants for the same relief". We leave to the Special Term in the county in which venue may ultimately be laid, upon a proper showing, not present in this record, the question of policy as to what, if any, amendment in pleading may be allowed or what modification of the scope of preclusion may be justified. Defendant's motion for change of venue, which was not decided on the merits at Special Term because the discontinuance had been allowed, is remitted to Special Term for decision. Settle order on notice. Concur — Breitel, J. P., Botein, Rabin, Valente and Bergan, JJ.

■ ROBERT L. WEIL, Appellant, v. ELSA M. ENGELHARD, Respondent. ELSA M. ENGELHARD, Respondent, v. ROBERT L. WEIL, Appellant.— Order unanimously affirmed, with $20 costs and disbursements to the respondent. The application to consolidate may be renewed in the event that neither of the motions pending in the lower court is granted. Concur — Breitel, J. P., Botein, Rabin, Valente and Bergan, JJ.